IN THE DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KATHY ANN MINNICK       :
                        :
v.                      :    Civil Action No. CCB 02-2865
                        :
GENERAL MOTORS CORPORATION :

**MEMORANDUM**

Now before the court is the plaintiff's motion for summary judgment. This matter has been fully briefed and no hearing is necessary. See Local Rule 105.6. For the reasons set forth below, the plaintiff's motion will be denied.

Kathy Ann Minnick, the plaintiff, was driving on Interstate 695 in Baltimore County when another car spun out of control in front of her. Her car struck the other car, and she sustained injuries when the airbag in her car failed to open. She sued the maker of her car, General Motors, in the Circuit Court for Baltimore County alleging that the car's airbag did not open because of a design defect and a manufacturing defect. The defendant removed the case to this court on the basis of diversity jurisdiction.

Filed along with the complaint in Baltimore County Circuit Court was a motion for summary judgment as to manufacturing defect. The plaintiff argues that a statement in the owner's manual for her car that "[t]he air bag is designed to inflate in moderate to severe frontal or near-frontal collisions," (Defs. Opp. Ex. 1 to Ex. A.) implies that, if the collision at issue was "a moderate to severe frontal or near-frontal collision[]" then, because the air bag did not inflate in the collision, it did not function as designed, and there must have been a manufacturing defect. (Pls. Reply at 2.) The court would need to make at least three determinations in order to accept



the plaintiff's argument: (1) that plaintiff's reasoning is sound, (2) that an isolated statement in the owner's manual sets the standard which the vehicle and airbag must meet in order to be manufactured properly, and (3) that the plaintiff's collision was "a moderate to severe frontal or near-frontal collision[]." Without deciding issues (1) or (2), the court finds that plaintiff has not established (3).[1] Summary judgment will therefore be denied.

The plaintiff urges the court to take judicial notice that the crash was at least moderately severe. (Pls. Reply at 3.) Judicial notice is plainly inappropriate here. A court may only take judicial notice of a fact which is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Though any car crash is certainly traumatic, whether plaintiff's crash was a "moderate to severe frontal or near-frontal collision[]" is subject to reasonable dispute, and, thus, not appropriate for judicial notice. Further, this fact is neither generally known within the District of Maryland, nor "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" and is, for that reason, not appropriate for judicial notice. See also Haavistola v. Community Fire Co. of Rising Sun, 6 F.3d 211, 218 (4th Cir. 1993) (holding that a district court abused its discretion by taking judicial notice that many

---

[1] Though the court does not decide whether one sentence from the owner's manual determines how a properly manufactured car and airbag should function (i.e., issue (2)), there is reason to think that, when the relevant section of the owner's manual is read in its entirety, the question of whether the airbag should have inflated is significantly more technical than the plaintiff contemplates. (See Def. Opp. Ex.1 to Ex. A. (noting a number of factors which affect whether an airbag should inflate)) That same manual warns against the precise process of deduction the plaintiff urges upon the court, as it states "[i]n any particular crash, the determination of whether the airbag should have inflated cannot be based solely on the level of damage on the vehicle(s)." (Id.)

volunteer fire departments operate in Maryland without government intervention). The court will not take judicial notice, based on two post-accident photographs of the car, that the plaintiff's collision was "a moderate to severe frontal or near-frontal collision[]."

A separate Order follows.

___10/4/02___  ___/s/ Catherine C. Blake___
Date                                     Catherine C. Blake
                                         United States District Judge